UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES M. HARDESTY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:14-cv-01398-TAB-TWP ) |
| CAROLYN W. COLVIN Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

**I. Introduction**

Pending before the Court is Defendant Commissioner of Social Security Carolyn W. Colvin's motion to dismiss or, in the alternative, motion for summary judgment. Defendant seeks to dismiss Plaintiff James M. Hardesty's cause of action as untimely. Hardesty objects, relying on the doctrine of equitable tolling. Two days after Defendant filed her reply, the Supreme Court issued its decision in *U.S. v. Wong,* 135 S.Ct. 1625 (2015), discussing equitable tolling in the Federal Tort Claims Act. This Court subsequently ordered supplemental briefing to address what impact, if any, *Wong* had on equitable tolling in this case. [Filing No. 17.] For the reasons set forth below, Defendant's motion to dismiss [Filing No. 7] is denied.

**II. Discussion**

Under the relevant statute, a Social Security claimant may appeal to federal court the Commissioner's final decision within sixty days of receiving notice of the final decision or within an amount of time permitted by the Commissioner. 42 U.S.C. § 405(g). The Social

Security Appeals Council may extend the amount of time a claimant has to commence this appeal if there is good cause for the delay. 20 C.F.R. § 422.10. Good cause includes, among other things, failure to receive notice of the determination or decision. 20 C.F.R. § 404.911(b).

On September 24, 2013, the Social Security Appeals Council denied Hardesty's request for review of the Administrative Law Judge's decision. In doing so, the ALJ's decision became the final determination by the Commissioner. Under the relevant statute, Hardesty had until November 29, 2013, to commence a civil action seeking review of the Commissioner's final decision. However, Hardesty did not file his action until August, 25, 2014, almost a year after the sixty-day deadline expired. Consequently, the Commissioner contends that dismissal is appropriate.

Hardesty submits that, because he had no notice of the final determination, good cause exists for his untimely filing in federal court. According to Hardesty's affidavit and related exhibits, he did not receive notice from the Commissioner of the September 24, 2013, final decision until June 26, 2014. [Filing Nos. 14-1; 14-2; 14-3; 14-4.] On August 25, 2014, within sixty days of receiving notice, Hardesty filed his civil action. Given the delay in notice, Hardesty argues that the Social Security's sixty-day statute of limitations should be equitably tolled until June 26, 2014.

While the Commissioner concedes that Bowen v. City of New York, 476 U.S. 467, 480 (1986), found equitable tolling to be appropriate in Social Security appeals, the Commissioner asserts that this principle should not be used for Hardesty's appeal. For one, the Commissioner argues that equitable tolling is a mechanism that is rarely used in Social Security cases.[1]

---

[1] In support of this argument, the Commissioner cites to *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 96 (1990). However, *U.S. v. Wong*, 135 S.Ct. 1625 (2015), expanded the ruling set

Moreover, the Social Security regulations have a separate procedure for allowing claimants with good cause to file delayed appeals, making it unnecessary for the Court to use the equitable tolling principle. Instead, the Commissioner asserts that Hardesty's case should be dismissed so that Hardesty may request an extension of time from the Appeals Council to file his action in federal court. The Commissioner submits that this alternative to equitable tolling would preserve the Social Security Administration's existing procedure for bringing appeals against the Commissioner and would discourage other claimants from circumventing the readily available Social Security procedures readily available for seeking an extension. The Commissioner admits that if this case were dismissed, the Appeals Council would likely find good cause for Hardesty's delay and would grant him an extension of time.

Relying on *U.S. v. Wong*, Hardesty argues that the Social Security Administration's existing procedure for extending the deadline for filing a civil action does not bar the Court from using equitable tolling. In other words, Hardesty argues that the Court can (and should) use equitable tolling, even though the Commissioner contends that doing so would circumvent the agency's statutory process for filing an appeal. The Commissioner argues that *Wong* is not directly applicable because it exclusively discussed the applicability of equitable tolling under the Federal Tort Claims Act. This argument, however, oversimplifies the case's application. While *Wong* is factually distinguishable, the case nevertheless chips away at the Commissioner's motion to dismiss.

*Wong* held that a court's power to use equitable tolling in cases against the Government may only be cabined if the relevant statute contains language expressly barring the court's

---

forth in *Irwin* such that equitable tolling is now a presumption that requires "something special" from Congress to rebut. *Wong*, 135 S.Ct. at 1630-32.

jurisdiction. *Wong,* 135 S.Ct. at 1631-32. As the Commissioner acknowledges, there is no such language contained in Social Security statute 42 U.S.C. § 405 or in its related regulations. *See* 20 C.F.R. § 422.10; *see also* 20 C.F.R. §§ 404.901, 404.981, 416.1401, 416.1481. Thus, the Court is not barred from considering the merits of Hardesty's case merely because the Social Security Administration has its own process for extending the time to file a federal cause of action.

The Commissioner requests that the Court decline to use its power to equitably toll the statute to maintain the integrity of the Social Security agency's appeals process. However, this process serves no utility in this case. The Commissioner has already acknowledged that good cause exists for Hardesty's untimely filing, and dismissing this case back to the agency would only delay Hardesty's day in court. Moreover, the Court rejects the Commissioner's argument that using equitable tolling in this case will encourage other claimants to bypass the agency's appeals process. Claimants would rather have their cases favorably resolved by the Social Security Administration than have to pursue an appeal to federal court, which necessarily prolongs the review process.

### III. Conclusion

For these reasons, the Court finds equitable tolling appropriately saves Hardesty's otherwise untimely appeal. Therefore, the Commissioner's motion to dismiss [Filing No. 7] is denied.

Dated: 5/28/2015

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

C. David Little
POWER LITTLE & LITTLE
powerlittle@powerlittle.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov